Ricardo **CAMACHO BLANCAS;** Francisca Cordova Camacho, Petitioners,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

No. 07–73048.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

Ricardo Camacho Blancas, San Jose, CA, pro se.

Francisca Cordova Camacho, San Jose, CA, pro se.

Oil, Norah Ascoli Schwarz, Esquire, DOJ–U.S. Department of Justice, Justin Constantine, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Ricardo Camacho Blancas and Francisca Cordova Camacho, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than two years after the BIA's May 24, 2005, order, and did not fall within one of the exceptions to the ninety-day filing limit. *See* 8 C.F.R. § 1003.2(c)(2).

We lack jurisdiction to consider petitioners' contention that their motion established grounds for equitable tolling of the ninety-day limit because petitioners failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.